SAMUEL W. JOHNSON AND OTHERS, EXECUTORS, ETC., RESPONDENTS, *v.* THE CITY OF ROCHESTER, APPELLANT.

*Temporary injunction — when granted to restrain trespasses.*

APPEAL from an order of the Special Term in Monroe county denying a motion to dissolve a temporary injunction. The motion was made upon the papers upon which the injunction was granted, including the verified complaint. The complaint alleges that the plaintiffs are, and since July, 1876, have been in possession of certain lands in the city of Rochester, on which is a building known as Jones' cotton factory, claiming an interest therein and the right of possession, and carrying on the business of manufacturing cloth in said premises, and that in April last, while plaintiffs were so in possession, the defendant, a municipal corporation, by its agents and servants, and without any right or authority, and against the will of the plaintiffs, wrongfully entered upon said premises, and removed and destroyed plaintiffs' fence, gate and inclosure erected thereon; and wrongfully drove defendant's team and wagons upon and across a portion thereof, and is now using the same as a passageway upon which to carry dirt and filth, and threatens to continue to use the same for that and other purposes; that the conduct of the defendant, if continued, will lead to a multiplicity of suits, and that any remedy by actions for damages will be inadequate.

The court at General Term said: "Although the general rule is that an injunction will not be granted to restrain a mere trespass, without special equitable features in the case, it is well settled that such equitable features exist when there is vexation from repeated or continued trespass in the nature of a nuisance, or when the wrongful acts, continued or threatened to be continued, might become the foundation of adverse rights, and would occasion a multiplicity of suits to recover damages. (See *Mohawk and Hudson R. R. Co.* v. *Artcher* (6 Paige, 83); *Williams* v. *N. Y. C. R. R. Co.* (16 N. Y., 97.) The present case is within the rule above stated. It does not differ in principle from the case of *Rice* v. *Cannon,* decided by us at the last term, in which we affirmed an order refusing to vacate an injunction."

*J. Van Voorhis,* for appellant.    *W. F. Cogswell,* for respondents.

Opinion by Smith, J.; Mullin, P. J., and Talcott, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.